IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| CHARLES J. BECK, SR., *et al*, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CIVIL ACTION NO. H-05-3555 |
| DACOR, INC., *et al*, | ) ) ) | |
| Defendants | ) ) ) | |

## MEMORANDUM AND ORDER

Before the court is a motion to transfer venue and to compel arbitration by the Defendants, Dacor, Inc., Distinctive Appliances, Inc., and Mike Joseph (Dacor). Doc. 18. The Plaintiffs, Charles J. Beck, Sr. and Texas Sales and Marketing Inc. (TSM), have filed a response. Doc. 23. Dacor has also moved for an expedited consideration of its motion. Doc. 24.

Dacor's motion for an expedited consideration of its motion in GRANTED. Doc. 24.

Dacor's motion to transfer venue or compel arbitration is DENIED. Doc. 18.

TSM and Dacor formed a Distributor Agreement (the Agreement) on or about December 16, 1998. The Agreement granted TSM exclusive rights to offer Dacor products within a particular territory. It also contained a clause requiring the parties to the Agreement to resolve all disputes by arbitration in Los Angeles according to the law of California.

In 2001, Dacor informed TSM that it would terminate the Agreement. The next day, it rescinded its decision. Dacor's employees assured TSM that the relationship would continue indefinitely with TSM acting as a branch of Dacor. However, Dacor formally terminated the agreement on January 31, 2004.

To support its motion, Dacor raises contingent arguments. First, Dacor argues that this court should transfer venue to Los Angeles, or rather, the Central District of California. Dacor argues that its distributorship agreement mandates such a result. Second, if venue is not transferred to Los Angeles, then this court should compel the parties to arbitrate their dispute.

However, Dacor has not identified which parties should resolve their claims in arbitration or in Los Angeles. Dacor does not appear to have filed a complete copy of the Agreement with the court. The court cannot craft a valid order without such assistance. The omission presents particular problems in this case because two plaintiffs have raised claims against three defendants. It is not clear that Charles J. Beck agreed to arbitrate his claims or that Mike Joseph would be subject to the jurisdiction of an arbitrator. At best, only TSM, Dacor, Inc., and Distinctive Appliances, Inc. agreed to arbitrate this dispute. Thus, it seems likely that an order compelling arbitration would split the case. TSM may be required to allow an arbitrator to decide its claims against Dacor, Inc. and Distinctive Appliances, Inc., assuming that both Dacor, Inc. and Distinctive Appliances, Inc. were parties to the arbitration agreement. However, an arbitrator would have no jurisdiction over Mike Joseph or Charles Beck. Consequently, TSM would litigate its claims against Mike Joseph in court because TSM would have no obligation to submit any claims against Mike Joseph to an arbitrator, even if Mike Joseph consented to the jurisdiction of an arbitrator. Likewise, Charles Beck would litigate his claims against all of the defendants in court. Although some authority may exist for staying litigation by parties

who are not signatories to an arbitration agreement, the court cannot, at this time, determine how to resolve those issues.

Furthermore, Dacor argues that this court should honor its forum selection clause. The Fifth Circuit treats the invocation of a forum selection clause like an objection to improper venue. *In re Fireman's Fund Ins. Companies, Inc.,* 588 F.2d 93 (5th Cir. 1979). See also, *Bense v. Interstate Battery System,* 683 F.2d 718, 720-22 (2d Cir.1982); *Aaacon Auto Transport v. State Farm Mutual Automobile Insurance Co.,* 537 F.2d 648 (2d Cir.1976), *cert. denied,* 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977); *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757 (3d Cir.1973). Rule 12 governs objections to improper venue. In relevant part, it provides: "[i]f a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Fed. R. Civ. P. 12(g). See also, Fed. R. Civ. P. 12(h)(1). Because Dacor filed its motion to transfer venue after filing a motion to dismiss for failure to state a claim, it may no longer object to venue in the Southern District of Texas.

Accordingly, it is hereby ORDERED:

1. The motion by Dacor, Inc., Distinctive Appliances, Inc., and Mike Joseph to transfer venue is DENIED with prejudice. Doc. 18.

2. The motion by Dacor, Inc., Distinctive Appliances, Inc., and Mike Joseph to compel arbitration is DENIED without prejudice. Doc. 18.

SIGNED at Houston, Texas, this 8th day of March 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE